1

2

3

4

5

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE WESTERN DISTRICT OF WASHINGTON

6

7

| | |
|---|---|
| RULAWN TAPLIN- EVANS,  a single man<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF AUBURN, a Washington<br>municipality; OFFICER JEFFREY<br>NELSON, individually and in his capacity as<br>a police officer for the City of Auburn;<br>OFFICER DEREK MORSE, individually<br>and in his capacity as a police officer for the<br>City of Auburn; OFFICER ALEXANDER<br>GRUBER, individually and in his capacity as<br>a police officer for the City of Auburn;<br>OFFICER DEVIN NELSON, individually<br>and in his capacity as a police officer for the<br>City of Auburn; OFFICER NATHAN<br>JENDRICK, individually and in his capacity<br>as a police officer for the City of Auburn;<br>                Defendant. | Case No.<br><br>COMPLAINT<br><br>JURY DEMAND |

8

9

10

11

12

13

14

15

16

17

18

**INTRODUCTION**

19

1.1.        Plaintiff RULAWN TAPLIN-EVANS ("Plaintiff"), by and through his

20

undersigned attorney of record, files this, his Complaint against CITY OF AUBURN, a

21

Washington municipality; OFFICER JEFFREY NELSON, individually and in his capacity as

22

**COMPLAINT - 1**

Donna Gibson
Law Office of Donna Beasley Gibson PLLC
1204 Cleveland Ave
Mount Vernon, WA  98273
206-242-5529

a police officer for the City of Auburn ("OFFICER J NELSON"); OFFICER DEREK

MORSE, individually and in his capacity as a police officer for the City of Auburn

("OFFICER MORSE'); OFFICER ALEXANDER GRUBER, individually and in his capacity

as a police officer for the City of Auburn ("OFFICER GRUBER"); OFFICER DEVIN

NELSON, individually and in his capacity as a police officer for the City of Auburn

("OFFICER D. NELSON"); OFFICER NATHAN JENDRICK, individually and in his

capacity as a police officer for the City of Auburn ("OFFICER JENDRICK") and in support

therefore, alleges as follows:

## JURSIDICTION AND VENUE

2.1    This is a civil action seeking damages for unlawful violation of civil rights

under 42 U.S.C. A. § 1983 and §1981.

2.2    This Court has personal and subject matter jurisdiction under 28 U.S.C.A. §

1331.

2.3    Venue is proper under 28 U.S.C.A. § 1391.

2.4    The acts and omissions complained of herein occurred in Auburn, King County,

Washington.

## PARTIES

3.1    Plaintiff RULAWN TAPLIN-EVANS is a citizen of the United States, and a

resident of Pierce County, Washington.

3.2    Defendant CITY OF AUBURN is a Municipality organized under the laws of

the State of Washington.  Defendant City of Auburn is sued direct under 42 U.S.C.A §1983

and under the doctrine of *respondeat superior.*

**COMPLAINT - 2**

Donna Gibson
Law Office of Donna Beasley Gibson PLLC
1204 Cleveland Ave
Mount Vernon, WA  98273
206-242-5529

3.3     At all times herein mentioned, Defendant OFFICER JEFF NELSON (5612), Defendant OFFICER DEREK MORSE (8386), Defendant OFFICER ALEXANDER GRUBER (2561), Defendant OFFICER DEVIN NELSON (3741) and Defendant OFFICER NATHAN JENDRICK (0074) (collectively the "**OFFICER DEFENDANTS"** ) were police officers employed by Defendant CITY OF AUBURN and were acting within the scope of their employment with Defendant CITY OF AUBURN and under color of the laws of the State of Washington.

3.4     **OFFICER DEFENDANTS** acted in their individual capacities and in their official capacities as agents and employees of Defendant CITY OF AUBURN.

## FACTS

4.1     On or about November 3, 2017, just before 1:00 a.m., Brittany Anderson reported a domestic incident involving Plaintiff.  She reported that Plaintiff had left on foot from 3400 block of C Ct SE, in Auburn, King County, Washington and headed towards A Street SE.

4.2     Ms. Anderson and Plaintiff had an argument wherein Plaintiff was accused of pistol-whipping Ms. Anderson.

4.3     Plaintiff later pleaded guilty to one count of Assault in the 3rd degree, domestic violence.

4.4     Plaintiff left the scene before Ms. Anderson called 9-1-1.

4.5     Ms. Anderson gave a description of Plaintiff to non-defendant Officer Boldman.  Officer Boldman radioed dispatch a description of a black male, 5 foot 10 inches,

**COMPLAINT - 3**

wearing a black vest, blue jeans, a black beanie, and with hair in dreadlocks.  It was first reported that Plaintiff had the pistol in his vest.

4.6     A videotaped statement of Brittany Anderson about an hour later states that Plaintiff had likely put the pistol in duffle bag.

4.7     One CAD log shows the 9-1-1 call was received at 00:53.  that at 1:03 the description of the suspect was black male 29, 6 feet tall, black hair, medium build, named "Caplin, Rulawn A" [sic]  and that there was black small pistol in vest, hair in dreadlocks, beanie, black best and blue jeans per the 9-1-1 call.

4.8     A second CAD log shows this information at 1:02.

4.9      Non-defendant Officer Boldman was dispatched at 00:54, as was non-defendant Officer Lyman who responded to Brittany Anderson location.

4.10     Plaintiff admits that he left the scene of the incident with Brittany and had the pistol in a blue duffle bag.  At the time the pistol was disassembled and not loaded.  As he left the scene, he dropped the duffle bag, in the hopes of later retrieving it.   It was later found, at 1:47 according to the CAD log, at 3403 D St SE, by non-defendant Officer Lyman, on its side next to a shrub.

4.11     Per the CAD log, Defendant OFFICER J NELSON was dispatched at 00:55 as back up.  Defendant OFFICER J NELSON's report is that he was dispatched at 01:03.  Defendant OFFICER J NELSON was assigned to the K-9 Division and assigned police service dog K-9 Koen.  Defendant OFFICER J NELSON was dispatched to 3131 37th Pl SE, Auburn, King County, Washington to assist non defendant Officer Boldman

4.12      d and non-defendant Officer Lyman during a domestic assault that involved a firearm.  Defendant OFFICER J NELSON was informed that the suspect Plaintiff RULAWN

**COMPLAINT - 4**

Donna Gibson
Law Office of Donna Beasley Gibson PLLC
1204 Cleveland Ave
Mount Vernon, WA  98273
206-242-5529

TAPLIN-EVANS was a black male, 29 years old, medium build, haring in dreadlocks and last observed wearing a beanie, a black best and blue jeans and that he allegedly had pistol in his vest and that he was carrying a black duffle bag. Defendant OFFICER J NELSON was also informed that Plaintiff was walking in the direction of A St SE to catch the bus. Defendant OFFICER J NELSON heard non-defendant Officer Boldman radio that there was probable cause to arrest the suspect Plaintiff for assault in the 2nd degree domestic violence, so Defendant OFFICER J NELSON arrived prepared to deploy K-9 Koen to assist in located suspect Plaintiff. Defendant OFFICER J NELSON arrived at the 3100 block of A Street SE at approximately 1:11 when the updated description was given to include the Seahawks jersey with a black vest. Defendant OFFICER J NELSON located a male wearing a black beanie, a Seahawks jersey and carrying a black coat walking northbound (the opposite direction of Defendant OFFICER J NELSON) near the 3000 block of D St. SE. Defendant OFFICER J NELSON began to close the distance between him and the suspect Plaintiff.

4.13    Plaintiff began to turn northbound and crossed onto the property of the Seventh-Day Adventist Church at 400 29th St SE, Auburn, King County, Washington ("THE SCENE"). Defendant OFFICER J NELSON then drove past Plaintiff as Plaintiff crossed the yard towards the main building. Defendant OFFICER J NELSON then parked in the gravel lot of the church. As Defendant OFFICER J NELSON exited his patrol car, he released K-9 Koen from the kennel door and deployed the dog.

4.14    Plaintiff at this time was crossing the property near some trees and stepped into a ditch or hole and fell face first. Plaintiff had to use much strength to get out of the hole and as he pulled himself out in a crawling matter, and he realized he had injured his leg but was able to walk a few steps and then sat in front of a green power box under a tree. Plaintiff

COMPLAINT - 5

Donna Gibson
Law Office of Donna Beasley Gibson PLLC
1204 Cleveland Ave
Mount Vernon, WA  98273
206-242-5529

had been in a motor vehicle collision about six weeks prior and had injured his shoulder. Plaintiff was not armed at this time.

4.15    Plaintiff realized that an officer was in the area of the parking log and Plaintiff waived his hands in the air and said "I'm over here." Plaintiff then heard Defendant OFFICER J NELSON yelling all sorts of commands and saw a police dog approaching him.  He heard "lay down." "No you" "crawl out" "stop" and was confused and scared.

4.16    Defendant OFFICER J NELSON, however, reports that he yelled "Police! K-9 stop! You're under arrest!" and that Plaintiff then tripped and fell into some trees and then began to quickly crawl in a "mixture of crab walk and military style low crawl" on the ground and around the power box.   Defendant OFFICER J NELSON then reports that he believed Plaintiff was "attempting to locate a position of cover in order to potentially recover his concealed firearm to be able to actively engage [Defendant OFFICER J NESLON] and K-9 Koen."

4.17    Defendant OFFICER J NELSON reports he then directed K-9 Koen to advance toward Plaintiff who was "now concealed" and that K-9 Koen ran 20 feet and was directed to lay down.  Defendant OFFICER J NELSON reports he approached K-9 Koen and was about 30 feet from the power box  (where Plaintiff was sitting not moving) and directed Plaintiff,  "Crawl out to me, then show me your hands:" and "I have a police dog; if you do not come out and show me your hands I will send the dog and you will be bit!"

4.18    Defendant OFFICER J NELSON reports that this is when Plaintiff raised his **right** arm into the air and into view and said, "Okay, I'm right here. Don't let the dog bite me! My arm and my leg is broke, I can't move."   Defendant OFFICER J NELSON shined his

**COMPLAINT - 6**

Donna Gibson
Law Office of Donna Beasley Gibson PLLC
1204 Cleveland Ave
Mount Vernon, WA  98273
206-242-5529

flashlight and could see that Plaintiff was seated on the ground with his back against the power box with a black vest/coat directly next to him.

    4.19    At this point Defendant OFFICER J NELSON's report states, "***(Plaintiff) Rulawn was peacefully surrendering*** but I could not visually see what he held in his **left** hand due to it being covered in leaves."

    4.20    At 1:12:09, the CAD log reports Location: 7 Day Adventist Comment: Have Him, which indicates the officer had the suspect Plaintiff in custody.

    4.21    The CAD log shows Defendant OFFICER MORSE was dispatched at 00:54.

    4.22    Defendant OFFICER MORSE reports being dispatched to a domestic violence report near 3405 C Street SE.  When he arrived to the area Defendant OFFICER MORSE conducted a check for the suspect – Plaintiff.  Defendant OFFICER MORSE reports several officers already in the area upon his arrival.

    4.23    Defendant OFFICER MORSE then reports hearing Defendant OFFICER J NELSON reporting that he found Plaintiff near the bushes at THE SCENE.   Defendant OFFICER MORSE responded to THE SCENE to assist.  Defendant OFFICER MORSE reports that he and Defendant OFFICER JENDRICK detained Plaintiff and then Officer Boldman advised that there was probable cause to arrest.  Defendant OFFICER MORSE's report provides no other detail about his involvement at THE SCENE.

    4.24    Defendant OFFICER D MORSE arrived and assisted Defendant OFFICER J NELSON at THE SCENE.

    4.25    Defendant OFFICER N JENDRICK, Defendant OFFICER A GRUBER and Defendant OFFICER D NELSON arrived at the location around the same time and approached Plaintiff from behind.

**COMPLAINT - 7**

Donna Gibson
Law Office of Donna Beasley Gibson PLLC
1204 Cleveland Ave
Mount Vernon, WA  98273
206-242-5529

4.26     According to the CAD Log,  Defendant OFFICER JENDRICK was dispatched at 00:59 as backup and Defendant OFFICER JENDRICK reports being added as back up to a "domestic assault incident with a weapon" and checking the area for a suspect – the Plaintiff.

4.27     Defendant OFFICER JENDRICK reports hearing Defendant OFFICER J NELSON announce over the radio that he had located Plaintiff at THE SCENE.

4.28     Upon Defendant OFFICER JENDRICK's arrival at THE SCENE, he reports that Defendant OFFICER J NELSON was standing away from Plaintiff who was seated under a tree and leaning against a green power box on the church property.

4.29     When Defendant OFFICER JENDRICK approached Plaintiff, he was with Defendant OFFICER J NELSON and Defendant OFFICER MORSE.

4.30     Defendant OFFICER JENDRICK reports that as they approached, Plaintiff was yelling that he "hurt his leg, shoulder and wrist".

4.31     Defendant OFFICER JENDRICK reports that upon reaching Plaintiff, they (JENDRICK, NELSON and MORSE) ordered Plaintiff onto his stomach.

4.32     Plaintiff was unable to comply with the instruction to roll on to his stomach. He told the officer "I don't think I can do that" as he was in pain from his injuries.

4.33     Three officers – Defendant OFFICER JENDRICK, Defendant OFFICER MORSE and Defendant OFFICER J NELSON turned him on his stomach.

4.34     Plaintiff felt the force of two knees in the back of his right leg, near the back of his own knee, and felt increased pressure in his knee followed by a popping sensation and intense pain causing him to cry out.  Plaintiff screamed in pain "My leg! My leg!"

**COMPLAINT - 8**

Donna Gibson
Law Office of Donna Beasley Gibson PLLC
1204 Cleveland Ave
Mount Vernon, WA  98273
206-242-5529

4.35    . Defendant OFFICER JENDRICK took hold of Plaintiff's arms and placed them behind his back and placed Plaintiff into handcuffs.   When Plaintiff was later taken to Auburn MultiCare Medical Center, it was discovered that Plaintiff's shoulder was dislocated.

4.36    At 00:55 Defendant OFFICER D NELSON was dispatched as back up to a domestic violence incident involving a weapon.  After hearing that non-defendant Officer Boldman and non-defendant Officer Lyman were assisting Ms. Anderson, Defendant OFFICER D NELSON performed and area search for the suspect (Plaintiff).

4.37    After being dispatched to the scene, Defendant OFFICER D NELSON then heard Defendant OFFICER J NELSON advise that suspect Plaintiff was at THE SCENE.

4.38    Defendant OFFICER D NELSON arrived at THE SCENE and observed Defendant OFFICER J NESLON and K-9 Koen standing approximately 10 feet away from Plaintiff, who was "leaned up" against a green power box.

4.39    Defendant OFFICER D NELSON described a hedge separating Plaintiff from Defendant OFFICER D NELSON and Defendant OFFICE J NELSON.

4.40    Defendant OFFICER D NELSON reports hearing Plaintiff "yelling about being in pain" and "stating that his leg hurt".

4.41    Defendant OFFICE D NELSON reported that Plaintiff's "**right** hand was under the vest and out of view."

4.42    Defendant OFFICER D NELSON reports that "once the other Officers arrived on scene we moved forward and instructed Rulawn to show them his hands.  Rulawn continued to yell about his shoulder and leg hurting but did not move his hands."

**COMPLAINT - 9**

Donna Gibson
Law Office of Donna Beasley Gibson PLLC
1204 Cleveland Ave
Mount Vernon, WA  98273
206-242-5529

4.43    Defendant OFFICER D NELSON reports that Defendant OFFICER JENDRICK, Defendant OFFICER MORSE and Defendant OFFICER D NELSON rolled Plaintiff onto his stomach and that Defendant OFFICER JENDRICK applied the handcuffs.

4.44    Defendant OFFICER D NELSON also reported that Defendant OFFICER GRUBER read the *Miranda* warnings.

4.45    Per the CAD log, Defendant OFFICER GRUBER was dispatched at 00:58 as backup.  Defendant OFFICER GRUBER reports beginning to search the area for Plaintiff and hearing Officer Boldman reporting that there was probably cause to arrest Plaintiff and the additional description of a Seahawks jersey under a black vest and carrying a blue duffle bag, last seen on D Street.

4.46    The CAD log notes at 1:09:33 "working on PC"

4.47    The CAD log  then shows  at 1:11:00  PC Assault 2, suspect black male 510 last seen on D SE, Seahawks jersey, black vest, duffle bag, no car.

4.48    Then the CAD log notes at 1:16: 51 "also need aid at 7 Day Adventist for suspect i/c.

4.49    At 1:48:54 the CAD log notes that Taplin, Rulawn was at St Francis.

4.50    Defendant OFFICER GRUBER began to drive to located Plaintiff.  He then heard Defendant OFFICER J NELSON report that Plaintiff was located at **THE SCENE**.

4.51    Defendant OFFICER GRUBER then drove toward the location of Plaintiff when he heard the report that Plaintiff was being taken into custody.

4.52    Defendant OFFICER GRUBER arrived at THE SCENE and Plaintiff was next to a green power box and some trees and was already handcuffed and was screaming "my leg is broken!"

**COMPLAINT - 10**

Donna Gibson
Law Office of Donna Beasley Gibson PLLC
1204 Cleveland Ave
Mount Vernon, WA  98273
206-242-5529

4.53     Defendant OFFICER GRUBER read Plaintiff his *Miranda* rights.

4.54     Defendant OFFICER GRUBER reports that he saw a quarter-sized puncture wound under Plaintiff's front lower right leg and that Plaintiff was unsure how he received that wound.

4.55     Interestingly, Defendant OFFICER J NELSON's report states, "Post Miranda Rulawn cried out in pain and stated that his left arm and lower right leg were broken." However, that statement is contradicted by other evidence.

4.56     Some of the incident was recorded on video.  Defendant OFFICER N JEDRICK had video.  There is a video titled 0074@20171103011144.  Defendant OFFICER D NELSON's report notes "Vid/Veh" and there is a video titled 3741@2017110311143.

4.57     This is contradicted by the 0074 VIDEO and the 3471 VIDEO which have sound recordings and time stamps as follows:

A.**3741 VIDEO**

      i.    1:13:19  [unknown officer, muffled]: "STAND UP"

     ii.    1:13:35  Plaintiff:  "I DON'T KNOW IF I CAN"

           [muffled voices]

    iii.    1:13:36 Plaintiff: "NO NO NO"

           [ officers yelling]

    iv.    1:13:40 Plaintiff:  [crying in pain] "OW OW OW  MY LEG!  OH MY GOD PAIN. WHY DID YA'ALL DO THIS TO ME? WHAT DID YOU DO TO ME? WHY DID YOU DO THAT? … OH MY GOD MY LEG!"

         ….

COMPLAINT - 11

Donna Gibson
Law Office of Donna Beasley Gibson PLLC
1204 Cleveland Ave
Mount Vernon, WA  98273
206-242-5529

1          v.   1:14: 10 [unidentified officer] "YOU GOT A GUN?"

2               Plaintiff:  NO SIR

3               [unidentified officer]:  YOU GOT ANY WEAPONS ON YOU?

4               Plaintiff:  NO SIR

5               …

6         vi.   1:14:20  [unidentified officer]:  SIT UP

7               Plaintiff:  OH MY GOD THE PAIN

8        vii.   1:14:27 [unidentified officer]: SIT UP

9               Plaintiff [crying in pain]  MY LEG, MY RIGHT LEG

10              …

11      viii.   1:14:36 [muffled unidentified voice]: HIS ARM IS BROKEN

12        ix.   1:14:41  Plaintiff:  I CAN'T MOVE

13         x.   1:14:47: [unidentified officer]  "WHAT HAPPENED TO YOUR

14              LEG?"

15              Plaintiff:  YOU GUYS CRUSHED IT.

16              …

17        xi.   1:15:01 Plaintiff:  MY RIGHT LEG

18              [muffled unidentified voice]  HE'S BLEEDING

19       xii.   1:15:13  [unidentified officer]  YOU NEED TO STOP AND TALK

20              FOR A SECOND.  WHAT HURTS?

21      xiii.   1:15:16  Plaintiff:  MY RIGHT LEG.  THE ONE I BROKE.  THEY

22              CRUSHED IT MORE.

        xiv.   1:16:00 [unidentified officer reads Miranda rights]

**COMPLAINT - 12**

Donna Gibson
Law Office of Donna Beasley Gibson PLLC
1204 Cleveland Ave
Mount Vernon, WA  98273
206-242-5529

1

2    **B.    0074 VIDEO**

3            i.   1:13:23  [unidentified officer]:  HIS LEFT HAND'S CLEAR. LEFT

4                 HAND CLEAR.

5            ii.  1:13:26  Plaintiff: " I CANNOT GET MY LEFT HAND UP"

6                 [unidentified officer] HIS LEFT HAND'S CLEAR

7            iii.         1:13:30  Plaintiff "I CANNOT GET MY LEFT ARM UP"

8            iv.  1:13:31 [unidentified officer]  HIS LEFT HAND'S CLEAR.

9        …

10           v.   1:13:37 [unidentified officer]  MOVE TO YOUR RIGHT AND LAY

11                ON YOUR BELLY!

12                Plaintiff:  I DON'T KNOW IF I –

13                [officer in background] GET THOSE HANDS UP

14           vi.  [unidentified officer]  HANDS UP YOU SON OF A BITCH!

15           vii. 1:13:42  Plaintiff:  I DON'T KNOW IF I CAN

16           viii. 1:13:43  Plaintiff:  NO! NO! NO!

17                [officer in background] DON'T REACH! DON'T REACH!

18           ix.  1:13:47 [Plaintiff  screaming in pain]

19                [unidentified officer]  HANDS BEHIND ME

20                Plaintiff:  MY LEG! MY LEG! … AHHH WHY DID YOU DO THAT

21                FOR?

22       ….

23           x.   1:14:00 Plaintiff: YOU GUYS CRUSHED IT MORE

**COMPLAINT - 13**

Donna Gibson
Law Office of Donna Beasley Gibson PLLC
1204 Cleveland Ave
Mount Vernon, WA  98273
206-242-5529

[unidentified officer]  GET UP

Plaintiff:   I CAN'T

….

   xi.   1:15:10 [officer in the background] I CAN'T BELIEVE THIS.

…

   xii.   1:15:20  [unidentified officer]  OK, WHAT'S HURTING?  YOU NEED TO STOP AND TALK FOR MINUTE.

   xiii.   1:16:00  [officer begins to read Miranda rights]

…

   xiv.   1:16:49 [unidentified officer]  HEY KICK SOME LEAVES AROUND AND   SEE IF YOU CAN FIND THE GUN.

…

   xv.   1:18: [muffled voice]  CRAB WALK AROUND MILITARY STYLE … AW MY LEG'S BROKE DON'T LET THAT DOG BITE ME! [laughing]

   xvi.   1:19: 00 [same muffled voice] AND THEN I GET OUT OF MY AND CAR AND HE'S ALL OH MY LEG!

   4.58    While waiting for medical aid to arrive the DEFENDANT OFFICERS mocked and laughed at Plaintiff.

   4.59    When aid arrived Plaintiff was requested to move his body in order for an immobilizer to be placed on his leg.  Plaintiff could not do so.  Plaintiff requested that one of his hands be removed from his handcuffs so that he could comply with the request from the medics.

**COMPLAINT - 14**

Donna Gibson
Law Office of Donna Beasley Gibson PLLC
1204 Cleveland Ave
Mount Vernon, WA  98273
206-242-5529

4.60     Knowing that Plaintiff's leg was broken and sticking out of the skin and that it was unlikely if not impossible for Plaintiff to flee, one of the DEFENDANT OFFICERS told Plaintiff that if he removed the handcuffs and Plaintiff ran, the officer would have to shoot him.   This increased the fear and pain that Plaintiff was experiencing at the time.

4.61     Plaintiff again requested to have one of his hands freed.

4.62     One of the DEFENDANT OFFICERS again told Plaintiff that if he ran, he would shoot him.   Then he asked Plaintiff if he could shoot him.

4.63     The mocking by the DEFENDANT OFFICERS continued as they laughed at his screams of pain and taunted him.

4.64     One of the DEFENDANT OFFICERS, who Plaintiff believes was Defendant OFFICER J NELSON, was aiming his gun at Plaintiff while stating "I can shoot you."

4.65     Plaintiff was taken by ambulance to Auburn Multicare Hospital.   He had surgery on his leg.   He had a dislocated shoulder and cuts on his wrist.

4.66     Defendant OFFICER D NELSON accompanied Plaintiff to Auburn Multicare Hospital and took photographs of Plaintiff.

4.67     After surgery, Plaintiff was transported to the King County Correctional Facility at the Regional Justice Center in Kent ("RJC") .  Plaintiff could hear the transport driver ask the Officer if they should take Plaintiff to Harborview or the downtown jail. Plaintiff heard over the radio that the order was that he be taken to the RJC.   Plaintiff heard the transport driver state that he did not understand why  Plaintiff was being taken to the RJC rather than downtown as was normal protocol.

4.68     Plaintiff was taken into the RJC jail on a stretcher.  Plaintiff spent hours without any medical attention at the RJC jail and was finally given pain pills.

COMPLAINT - 15

Donna Gibson
Law Office of Donna Beasley Gibson PLLC
1204 Cleveland Ave
Mount Vernon, WA  98273
206-242-5529

4.69    Plaintiff spent over 50 days in a wheelchair at the RJC as he could not post bail while his case resolved.

4.70    Once Defendant OFFICER J NELSON determined that Plaintiff was, as stated in his report, "peacefully surrendering" he should have radioed to the fellow officers the change in circumstance so that the situation could de-escalate.  This action was unreasonable, negligent and reckless and further lead to the escalation of Police involvement.

4.71    If Plaintiff was "peacefully surrendering", there was no need for five additional officers to arrive on THE SCENE.

4.72    Knowing Plaintiff stated that he could not move his left arm, Defendant OFFICER JENDRICK used excessive force when handcuffing Plaintiff, to the point where Defendant OFFICER JENDRICK dislocated Plaintiff's left shoulder.

4.73    Knowing Plaintiff stated that he could not move his left arm, Defendant OFFICER JENDRICK was negligent in applying the handcuffs on Defendant behind his back.

4.74    Defendant OFFICER JENDRICK, Defendant OFFICER MORSE and Defendant OFFICER D NELSON were negligent when they rolled Plaintiff onto his stomach, after Plaintiff repeatedly reported being injured.  Their actions caused further injury to Plaintiff.

4.75    Defendant OFFICER JENDRICK, Defendant OFFICER MORSE and/or Defendant OFFICER D NELSON was negligent and/or reckless and/or wanton when placing their knee in the back of Plaintiff's knee after Plaintiff had already informed the officers that his leg was injured.

4.76    Defendant OFFICER JENDRICK did not warn Plaintiff in advance of using force to apply handcuffs or put his knee in the back of Plaintiff's leg.

**COMPLAINT - 16**

Donna Gibson
Law Office of Donna Beasley Gibson PLLC
1204 Cleveland Ave
Mount Vernon, WA  98273
206-242-5529

4.77    Auburn Police Department policy requires officers to give a verbal warning before using force.

4.78    Defendant OFFICER JENDRICK violated Auburn Police Department policy when he used to force to apply handcuffs to Plaintiff.

4.79    Auburn Police Department policy requires officers to report any use of force.

4.80    None of the DEFENDANT OFFICERS reported the use of force on Plaintiff as a result of this arrest.

4.81    All of the DEFENDANT OFFICERS were negligent, reckless, and/or wanton by failing to stop their fellow officers from inflicting injury upon Plaintiff.

4.82    DEFENDANT OFFICERS, collectively and individually, mocked and intimidated Plaintiff, unnecessarily, and in a manner to further humiliate Plaintiff when they laughed at his cries of pain.

4.83    DEFENDANT OFFICERS, collectively and individually,  unnecessarily intimidated Plaintiff when holding him at gunpoint, after he peacefully surrendered, while in handcuffs, with a visibly broken leg and while in the process of receiving medical aid, when they held him at gunpoint, stating if you run I can shoot you.

4.84    Defendant CITY OF AUBRN failed to properly train DEFENDANT OFFICERS.

4.85    Defendant CITY OF AUBURN failed to properly supervise DEFENDANT OFFICERS.

4.86    Defendant CITY OF AUBURN failed to properly discipline its Police Officers.

**COMPLAINT - 17**

4.87    As a result of the acts and omissions of the Defendants, and all of them, Plaintiff suffered personal injuries, including but not limited to bodily injury, pain and suffering, mental anguish, emotional distress, fear, humiliation and other consequential damages.

**FIRST CAUSE OF ACTION**
**Violation of Fourth Amendment Prohibition Against Unreasonable Force**

5.1    Plaintiff repeats and realleges the facts set forth in paragraphs 1.1 through 4.87 as if fully incorporated herein.

5.2    The acts and omissions of defendants herein were done under color of state law, custom or usage.

5.3    Plaintiff RULAWN TAPLIN-EVANS suffered unreasonable force by the acts and omissions of DEFENDANT OFFICERS, in violation of the Fourth Amendment of the Constitution of the United States.

5.4    The actions of the DEFENDANT OFFICERS in the arrest of Plaintiff were objectively unreasonable and were undertaken with willfulness and reckless indifference to the rights of others, specifically, Plaintiff.

5.5    The conduct described herein was undertaken pursuant to the polices, practices and customs of Defendant CITY OF AUBURN, such the Defendant CITY OF AUBURN is liable.

5.6    Defendant CITY OF AUBURN is liable for the actions of the DEFENDANT OFFICERS under the doctrine of *respondeat superior.*

**COMPLAINT - 18**

5.7     As a proximate result of the acts and omissions of the Defendants and the deprivation of Plaintiff's Fourth Amendment rights, Plaintiff suffered personal injures as set forth herein.

## SECOND CAUSE OF ACTION:

## Municipal Liability on Behalf of the City of Auburn

6.1     Plaintiff repeats and realleges the facts set forth in paragraphs 1.1 through 4.87 as if fully incorporated herein.

6.2     At all times herein Defendant CITY OF AUBURN by and through its Police Department has in effect certain explicit and *de facto* policies which were applied in the arrest and detention of Plaintiff RULAWN TAPLIN-EVANS.

6.3     For the purposes of the incident described herein, it was the policy, custom and practice of  Defendant CITY OF AUBURN to utilize unreasonable force in violation of the Fourth Amendment rights of the Plaintiff, as set forth herein.

6.4     It is further the policy of  Defendant CITY OF AUBURN, by and through its Police Department, to approve, acquiesce, condone and ratify the unreasonable use of force herein in violation of the Fourth Amendment rights of the Plaintiff, as set forth herein.

6.5     Defendant CITY OF AUBURN through its Police Department was the authorized policy maker on police matters and their decisions, explicit and *de facto* were and are binding on Defendant CITY OF AUBURN.

6.6     The policy, practice and custom of approving, acquiescing in, condoning and/or ratifying the unreasonable force used herein in violation of the Fourth Amendment

**COMPLAINT - 19**

rights of the Plaintiff was a deliberate choice by Defendant CITY OF AUBURN by and through its Police Department.

6.7     The policies, practices and customs of Defendant CITY OF AUBURN were maintained with deliberate, reckless and/or wanton indifference to the constitutional rights of the Plaintiff.

6.8     The above-described policies, practices and customs of Defendant CITY OF AUBURN proximately caused the deprivation of Plaintiff's Fourth Amendment rights.

6.9     As a proximate result of the above-described policies, practices and customs of Defendant CITY OF AUBURN which violated Plaintiff's Fourth Amendment rights, Plaintiff suffered personal injuries as set forth herein.

## THIRD CAUSE OF ACTION

### Gross Negligence

7.1     Plaintiff repeats and realleges the facts set forth in paragraphs 1.1 through 4.87 as if fully incorporated herein.

7.2     At all times herein mentioned, DEFENDANT OFFICERS, individually and as agents and employees of Defendant CITY OF AUBURN, had a duty to refrain from causing injury to Plaintiff through their gross negligence or willful and wonton misconduct.

7.3     In breach of their duty, to refrain from causing injury to Plaintiff through their gross negligence or willful and wanton misconduct, DEFENDANT OFFICERS, as agents and employees of Defendant CITY OF AUBURN, committed one or more of the following upon Plaintiff:

**COMPLAINT - 20**

A.   Willfully and wantonly or with gross negligence rolled Plaintiff
on to his stomach although DEFEDANT OFFICERS knew or
should have known that such conduct posed an unreasonable risk
of causing further serious injury to Plaintiff, or failed to stop
their fellow officers from doing so;

B.   Willfully and wantonly or with gross negligence applied
pressure with their knees to the back of Plaintiff's knee/leg,
although DEFENDANT OFFICERS knew or should have
known that such conduct posed an unreasonable risk of causing
serious injury and/or increasing the injury to Plaintiff's right leg,
or failed to stop their fellow officers from doing so;

C.   Willfully and wantonly or with gross negligence brought
Plaintiff's already injured arm around his back while
handcuffing him, rather than applying the handcuffs to the front
of Plaintiff's body, although DEFENDANT OFFICERS knew or
should have known that such conduct posed an unreasonable risk
of causing serious injury and/or increasing the injury to
Plaintiff's left arm, or failed to stop their fellow officers from
doing so;

7.4   As a direct and proximate result of one or more of DEFENDANT
OFFICER'S wrongful acts or omission to act, Plaintiff sustained personal injuries as described
herein.

**COMPLAINT - 21**

7.5

## FOURTH CAUSE OF ACTION

### Punitive Damages

8.1     Plaintiff repeats and realleges the facts set forth in paragraphs 1.1 through 7.4 as if fully incorporated herein,

8.2     The acts and omissions of the individual DEFEDANT OFFICERS herein were motived by a reckless or callous indifference to the Plaintiff's federally protected rights.

## FIFTH CAUSE OF ACTION

### Negligence

9.1     Plaintiff repeats and realleges the facts set forth in paragraphs 1.1 through 7.4 as if fully incorporated herein,

9.2     Defendant CITY OF AUBURN through its offices, owes a duty of care to person with whom they foreseeably interact in a planned, police-initiated operation involving the likely use of force to take reasonable care so as not to cause foreseeable harm in the court of such law enforcement interactions.

9.3     Defendant CITY OF AUBURN owed such a duty to Plaintiff, and the actions of DEFENDANT OFFICERS breached that duty.

9.4     This breach proximately caused Plaintiff pain and the personal injuries set forth herein.

9.5     The CITY OF AUBURN and DEFENDANT OFFICERS are liable to Plaintiff foe the negligent actions of DEFENDANT OFFICERS which proximately caused Plaintiff's personal injuries as set forth herein.

COMPLAINT - 22

**INDEMFICATION**

10.1    Defendant CITY OF AUBURN should indemnify the DEFENDANT
OFFICERS for any damages awarded against them at trial of this action, including punitive
damages.

**JOINT AND SEVERAL LIABILITY**

11.1    Defendant CITY OF AUBURN is responsible for the fault of the
DEFENDANT OFFICERS as they were acting agents or servants of the CITY OF AUBURN.
THE CITY OF AUBURN is liable for all damages awarded against the individual defendants,
including punitive damages, pursuant to RCW 4.22.070 (1) (a).

RESERVATION OF RIGHTS

12.1 Plaintiff reserves his right to amend his complaint and add further causes of action
as the evidence may provide.

**PRAYER FOR RELIEF**

. WHEREFORE Plaintiff prays for judgment against Defendants as follows:

1. For general damages which the Plaintiff has sustained to his person in such amount
   as will be just and reasonable to compensate him for his injuries and accompanying
   pain, suffering, anxiety and for all damages suffered to date and those which can
   reasonably be expected to occur into the future;

2. For medical costs and expenses incurred to date and those which will be reasonably
   incurred in the future;

**COMPLAINT - 23**

3. For prejudgment interest;

4. For damages resulting from the violations of Plaintiff's constitutional rights and liberties;

5. For all other damages which are in amounts now unknown but which will be proven at the time of trial; and

6. For attorneys' fees pursuant to 42 U.S.C.A. §1983.

7. For such other and further relief as may seem just and equitable to the court.

JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rules of Civil Procedure 38(b).

DATED this 22ND day of June, 2020

_____
Donna Gibson WSBA # 33583
Attorney for Plaintiff
Law Office of Donna Beasley Gibson PLLC
1204 Cleveland Avenue
Mount Vernon, Washington 98273
(206) 242-5529
Fax:  (425) 332-7068
donna@donnagibsonlaw.com

VERIFICATION OF COMPLAINT

I, Rulawn Taplin, hereby declare as follows:

1. I am the Plaintiff in this action.

**COMPLAINT - 24**

Donna Gibson
Law Office of Donna Beasley Gibson PLLC
1204 Cleveland Ave
Mount Vernon, WA  98273
206-242-5529

2. I have read the above Complaint.

3. I swear or affirm that the facts set forth therein are true and correct to the best of my

knowledge and belief.

Dated June 22, 2020, at Spanaway, Washington.

Rulawn Taplin-Evans

**COMPLAINT - 25**

Donna Gibson
Law Office of Donna Beasley Gibson PLLC
1204 Cleveland Ave
Mount Vernon, WA  98273
206-242-5529